

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOHN THOMAS SCHOOLCRAFT,

    Petitioner,

v.

WARDEN, GEORGIA STATE PRISON,

    Respondent.

CIVIL ACTION NO.: 2:19-cv-87

# O R D E R

Presently before the Court are Petitioner John Schoolcraft's ("Schoolcraft") Motions to Expand and Motions to Amend, docs. 14, 18, 20, 25, 27, and Motion for Hearing, doc. 30, as well as Respondent's Motion to Strike, doc. 23.[1] For the reasons which follow, the Court **GRANTS in part** and **DENIES in part** Schoolcraft's Motions to Expand; **GRANTS** Schoolcraft's Motions to Amend; **GRANTS** Respondent's Motion to Strike; and **DENIES** Schoolcraft's Motion for Hearing. Additionally, the Court **ORDERS** Schoolcraft to file his Second Amended Petition within 21 days of this Order.

## DISCUSSION

Schoolcraft filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, as amended, challenging his Glynn County, Georgia convictions for aggravated child molestation, child molestation, statutory rape, and sexual battery against a child under 16 years of age. Docs. 1, 9.[2] Respondent filed an Answer-Response, transcripts from Schoolcraft's trial and state habeas

---

[1] The Court also addresses Document Number 22 in § II of this Order.

[2] The Court **DIRECTS** the Clerk of Court to amend Schoolcraft's filing at Document Number 9 to reflect that it is Schoolcraft's Reply to the Answer-Response and an amendment to his original Petition.

proceedings, and an Amended Answer-Response.  Docs. 7, 8, 11.  Schoolcraft filed a Reply.

Doc. 13.  The parties then filed various Motions, which the Court now addresses.

**I.      Motions to Expand, Docs. 14, 18, 20**

Schoolcraft filed two Motions to Expand the Record, docs. 14, 20, and an "Emergency Motion to Correct the Record," doc. 18.  In these Motions, Schoolcraft moves under Rule 7 of the Rules Governing § 2254 Cases, asking the Court to order Respondent file the transcript of a July 17, 2017 hearing in the Glynn County Superior Court concerning Schoolcraft's extraordinary motion for new trial.  According to Schoolcraft, this hearing transcript lends support for his claims concerning his arrest and confession.  E.g., Doc. 14 at 5.  Schoolcraft submitted a copy of this transcript with one of his Motions.  Doc. 20-1.

Respondent opposes Schoolcraft's request, arguing that the July 17, 2017 hearing transcript is irrelevant because the Court should defer to the state habeas court's finding that Schoolcraft procedurally defaulted this claim (Ground 4 of his Petition) when he failed to raise this claim on direct appeal.  Doc. 16 at 3.  Respondent asserts Schoolcraft has not shown cause and prejudice to overcome this default or how the July 17, 2017 hearing transcript would be relevant to overcoming that default.  Id.; see also Docs. 19, 21.

"If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition."  Rule 7(a), Rules Governing § 2254 Cases.  Having considered the parties' arguments, the Court **GRANTS** the portion of Schoolcraft's Motions request to expand the record to include the July 17, 2017 hearing transcript.  However, the Court **DENIES** the portions of Schoolcraft's Motions in which he seeks to have Respondent file this transcript, given that Schoolcraft has already filed a copy of the transcript.  Doc. 20-1.  The Court will consider this July 17, 2017 hearing transcript, as well as

all other materials the parties have submitted, in its analysis of Schoolcraft's Petition. It may be that this transcript will not have any bearing on Schoolcraft's Petition, but the Court should have benefit of the records from all of Schoolcraft's state proceedings to make this determination.[3]

Additionally, to ensure the Court has the benefit of the records from all of Schoolcraft's state proceedings, the Court **DIRECTS** Respondent to file a copy of the final order on Schoolcraft's direct appeal and any records from Schoolcraft's third state habeas petition that have not yet been submitted (such as the final order on the petition), to the extent there are such records, within 21 days of this Order. These records should be filed as a supplement to Respondent's Notice of Filing, doc. 8.

## II. Schoolcraft's Motions to Amend, Docs. 25, 27, and Respondent's Motion to Strike, Doc. 23

Schoolcraft seeks to add one additional claim to his Petition: a Sixth Amendment ineffective assistance of counsel claim based on appellate counsel's failure to raise on appeal a claim of ineffective assistance of trial counsel based on trial counsel's failure to challenge testimony relating to Schoolcraft's time of arrest. Doc. 25 at 2. The parties have filed several documents related to this request. Docs. 22, 23, 24, 25, 26, 27, 28, 29.[4] Specifically, Schoolcraft first attempted to file an amendment without seeking leave of Court to do so, doc. 22, and Respondent moved to strike the amendment, doc. 23. Schoolcraft then tried to correct course twice by asking for leave of Court to amend, docs. 25, 27. Respondent opposes Schoolcraft's

---

[3] As explained below, the Court orders Schoolcraft to file a Second Amended Petition. It is not necessary for Schoolcraft to submit an additional copy of the July 17, 2017 hearing transcript with that Second Amended Petition. Rather, he can cite to the already filed copy at Document Number 20-1.

[4] While docketed as a "Motion to Amend/Correct Petition," Schoolcraft's February 11, 2020 filing should have been docketed as an Amended Petition. Doc. 22. The Court **DIRECTS** the Clerk of Court to amend the docket and record of this case to reflect this. The Clerk should also amend the docket to show that Schoolcraft's filing at Document Number 27 is a Motion to Amend. As a result, the Court considers Documents Numbered 25 and 27 to be Schoolcraft's Motions to Amend.

3

requests for leave, docs. 26, 28.  At base, Respondent argues Schoolcraft should not be allowed to amend because he could have raised this proposed amended claim in his original Petition but failed to do so, and he has offered no reason for his failure.  Doc. 26 at 3–4.  Schoolcraft, for his part, claims he did not know he needed leave to amend, and he only realized that he wanted to assert the additional claim after filing his initial Petition.  Doc. 24; Doc. 25 at 2; Doc. 27 at 3.

In light of these facts, the Court **GRANTS** Respondent's Motion to Strike.  Doc. 23.  Schoolcraft filed his proposed amendment without leave of Court, as he was required to do.  However, for the reasons stated below, the Court also **GRANTS** Schoolcraft's Motions to Amend, docs. 25, 27.

"The grant of leave to amend is committed to the district court's discretion."  Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Grp., Inc., 747 F.2d 1396, 1404 (11th Cir. 1984) (citing Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321 (1971)).  Rule 15(a)(1) of the Federal Rules of Civil Procedure establishes that "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or . . . [within] 21 days after service of a responsive pleading . . . ."  Fed. R. Civ. P. 15(a)(1).  Thereafter, a party may amend the pleadings only upon leave of court or by obtaining written consent of the opposing party.  Fed. R. Civ. P. 15(a)(2).  The Rule provides that "the court should freely give leave when justice so requires."  Id.  Furthermore, under Rule 15(a), "there must be a substantial reason to deny a motion to amend."  Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1269, 1274 (11th Cir. 2001).  Substantial reasons justifying a court's denial of a request for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Foman v. Davis, 371 U.S. 178, 182

(1962); see also Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

Schoolcraft sought to amend his petition approximately three months after Respondent filed his Amended Answer-Response. Docs. 11, 22, 25. Consequently, Schoolcraft's Motions do not fall under Rule 15(a)(1), and he can only amend with Respondent's consent or with leave of court. Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave."). As Respondent does not consent to Schoolcraft's desired amendment, the Court considers whether to grant Schoolcraft leave to amend.

While Schoolcraft initially attempted to amend without leave of Court, that appears to have been an inadvertent mistake on his part and not due to any bad faith or dilatory motive. Moreover, the Court cannot discern any "substantial reason" to deny his Motions to Amend. As an explanation for his need to amend, Schoolcraft states he did not realize he could bring this ineffective assistance claim until Respondent raised procedural default as a ground in his Answer-Response. Doc. 25. There also appears to be no prejudice to Respondent in allowing Schoolcraft to amend. The proposed amended claim presents a different legal theory, but the claim does not raise much—if any—in the way of new facts. To be sure, Schoolcraft largely cites Respondent's submissions as his factual basis for this claim. Thus, the Court **GRANTS** Schoolcraft's Motions to Amend, docs. 25. 27.

The Court **ORDERS** Schoolcraft to file his Second Amended Petition within 21 days of this Order. The Court advises Schoolcraft his Second Amended Petition will supersede his original Petition and any amendments and supplements he has filed. The Second Amended Petition will become the operative Petition in this case. Therefore, Schoolcraft should state any and all grounds he intends to assert in this action in that Second Amended Petition. The Court

will not cull through previous filings to determine Schoolcraft's grounds or arguments, and Schoolcraft should not attempt to "incorporate" any ground or claim from a previous filing. Additionally, the Court likely will not grant any future request to amend. Respondent shall have 21 days to file any desired response to the Second Amended Petition.

### III.     Motion for Hearing, Doc. 30

Schoolcraft asserts he is innocent of the charges upon which his conviction rest. Doc. 30 at 5. Schoolcraft also asserts, "The record is clear." Id. at 5, 6. Despite this, Schoolcraft requests a hearing in this matter. Respondent states Schoolcraft is not entitled to an evidentiary hearing. Doc. 31.

Evidentiary hearings are limited within the context of § 2254 petitions. The relevant statute provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> > (A) the claim relies on—
> >
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > >
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Schoolcraft has not shown his entitlement to an evidentiary hearing under § 2254(e)(2) at this time. Schoolcraft's assertions do not rely on any retroactively applicable law that was not

6


available to him on previous occasions, and the factual predicates of his claims were already known to him. Accordingly, the Court **DENIES** Schoolcraft's Motion.

## CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** Schoolcraft's Motions to Expand, **GRANTS** Schoolcraft's Motions to Amend, and **GRANTS** Respondent's Motion to Strike. The Court **DENIES** Schoolcraft's Motion for Hearing. Additionally, the Court **ORDERS** Schoolcraft to file his Second Amended Petition within 21 days of this Order.

**SO ORDERED**, this 24th day of August, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

available to him on previous occasions, and the factual predicates of his claims were already known to him. Accordingly, the Court **DENIES** Schoolcraft's Motion.

## CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** Schoolcraft's Motions to Expand, **GRANTS** Schoolcraft's Motions to Amend, and **GRANTS** Respondent's Motion to Strike. The Court **DENIES** Schoolcraft's Motion for Hearing. Additionally, the Court **ORDERS** Schoolcraft to file his Second Amended Petition within 21 days of this Order.

**SO ORDERED**, this 24th day of August, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA