# In the United States District Court for the Southern District of Georgia
## Brunswick Division

| | | |
|---|---|---|
| JOHN THOMAS SCHOOLCRAFT, | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:19-cv-87 |
| v. | * | |
| WARDEN, G.S.P., | * | |
| Respondent. | * | |

### ORDER

After an independent and de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 48. Petitioner John Schoolcraft ("Schoolcraft") filed Objections to the Report and Recommendation, as well as an Objection to the Magistrate Judge's Order denying his motion for evidentiary hearing. Dkt. No. 49.

Schoolcraft begins his Objections by taking issue with the Magistrate Judge's factual conclusions. Id. at 2-6. Any such Objections are immaterial, as the Magistrate Judge concluded Schoolcraft's enumerations of error are defaulted or the state court's determination is entitled to deference. Dkt. No. 48.

AO 72A
(Rev. 8/82)

Thus, the Magistrate Judge made no factual conclusions and only recounted events reflected in the record.

Schoolcraft's Objections to the Magistrate Judge's legal conclusions fare no better. Schoolcraft wishes to reassert the relative merits of his enumerations of error without truly responding to the Magistrate Judge's conclusions as to Grounds 1 and 3. Dkt. No. 49 at 14-21. Schoolcraft does not address the Magistrate Judge's conclusion as to Ground 2 at all. Id. at 21.

Schoolcraft also objects to the Magistrate Judge's denial of his motion for an evidentiary hearing, dkt. no. 35. Id. at 6-13. The Magistrate Judge denied Schoolcraft's motion for an evidentiary hearing by Order dated August 24, 2020, dkt. no. 35. Schoolcraft voiced no objection to that Order until now. Regardless of the timing of Schoolcraft's Objection to this Order, his Objection is without merit.

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, the district judge may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). Schoolcraft utterly fails to make any assertion the Magistrate

AO 72A
(Rev. 8/82)

Judge's Order denying his request for an evidentiary hearing is clearly erroneous or contrary to law.

Accordingly, the Court **OVERRULES** Schoolcraft's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.  The Court **DENIES** Schoolcraft's 28 U.S.C. § 2254 Second Amended Petition for Writ of Habeas Corpus, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Schoolcraft *in forma pauperis* status on appeal and a Certificate of Appealability.  The Magistrate Judge's August 24, 2020 Order remains the Order of the Court.

**SO ORDERED**, this ___13___ day of ___June___, 2022.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)